UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Tony lynn Burnett
_____

(In the space above enter the full name(s) of the plaintiff(s).)

-against-

Melvina Blake (Officer)
(Officer) Barnes 6191 #
Sheild # 2910[ Dont remember
name (John Doe)
Cooperation Council
_____

(In the space above enter the full name(s) of the defendant(s). If you cannot fit the names of all of the defendants in the space provided, please write "see attached" in the space above and attach an additional sheet of paper with the full list of names. The names listed in the above caption must be identical to those contained in Part I. Addresses should not be included here.)

RECEIVED
SDNY PRO SE OFFICE
2016 JUN 16 AM 11: 24

COMPLAINT
under the
Civil Rights Act, 42 U.S.C. § 1983
(Prisoner Complaint)

Jury Trial: ☑ Yes ☐ No
(check one)

**16 CV 4555**

I. Parties in this complaint:

A. List your name, identification number, and the name and address of your current place of confinement. Do the same for any additional plaintiffs named. Attach additional sheets of paper as necessary.

Plaintiff   Name   Tony Burnett
            ID #   1411603995
            Current Institution   OBCC
            Address   1600 Hazen St East Elmhurst NY 11370

B. List all defendants' names, positions, places of employment, and the address where each defendant may be served. Make sure that the defendant(s) listed below are identical to those contained in the above caption. Attach additional sheets of paper as necessary.

Defendant No. 1   Name   Melvina Blake   Shield # ?
                  Where Currently Employed   AMKC
                  Address   Rikers Island

Rev. 05/2010                              1

Defendant No. 2   Name __Barnes__   Shield # __6191__
Where Currently Employed __AMKC__
Address __Rikers Island__

Defendant No. 3   Name __Don't remember__ aka John Doe   Shield # __2901__
Where Currently Employed __AMKC__
Address __Rikers Island__

Defendant No. 4   Name _____   Shield # _____
Where Currently Employed _____
Address _____

Defendant No. 5   Name _____   Shield # _____
Where Currently Employed _____
Address _____

II.   Statement of Claim:

State as briefly as possible the facts of your case. Describe how each of the defendants named in the caption of this complaint is involved in this action, along with the dates and locations of all relevant events. You may wish to include further details such as the names of other persons involved in the events giving rise to your claims. Do not cite any cases or statutes. If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph. Attach additional sheets of paper as necessary.

A. In what institution did the events giving rise to your claim(s) occur?
In AMKC, Melvina Blake stood in front of me as other officers assulted me with cuffs

B. Where in the institution did the events giving rise to your claim(s) occur?
In AMKC, Officer Barnes saw the officers assulting me and advised them to fight me one one.

C. What date and approximate time did the events giving rise to your claim(s) occur?
4/24/16 AM around 10 AM or earler im not sure, I was being assulted.

D.   Facts:

**What happened to you?**
I was hit in my ribs with an ~~unknowns~~ unknown object, cuffed with exssive force and shoved against the wall.

**Who did what?**
The escorting officer the Captain and another officer

**Was anyone else involved?**
Melvina Blake

**Who else saw what happened?**
Officer Barns 6191

III.   Injuries:

If you sustained injuries related to the events alleged above, describe them and state what medical treatment, if any, you required and received.   I was denied medical treatment and forced out of AMKC. My chest was burised and my wrist were cut by the handcuffs being so tight, also my forehead was burised after they pushed me in the cell. My wrist still have the marks.

IV.   Exhaustion of Administrative Remedies:

The Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a), requires that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."  Administrative remedies are also known as grievance procedures.

A.   Did your claim(s) arise while you were confined in a jail, prison, or other correctional facility?

Yes ✓   No ___

Rev. 05/2010                            3

If YES, name the jail, prison, or other correctional facility where you were confined at the time of the events giving rise to your claim(s). **AMKC Rikers Island**

B. Does the jail, prison or other correctional facility where your claim(s) arose have a grievance procedure?

   Yes ✓   No ___   Do Not Know ___

C. Does the grievance procedure at the jail, prison or other correctional facility where your claim(s) arose cover some or all of your claim(s)?

   Yes ___   No ___   Do Not Know ✓

   If YES, which claim(s)? ___

D. Did you file a grievance in the jail, prison, or other correctional facility where your claim(s) arose?

   Yes ✓   No ✓

   If NO, did you file a grievance about the events described in this complaint at any other jail, prison, or other correctional facility?

   Yes ✓   No ___

E. If you did file a grievance, about the events described in this complaint, where did you file the grievance? **OBCC and I got no response.**

   1. Which claim(s) in this complaint did you grieve? **The fact they were moving me from AMKC to GRVC and OBCC**

   2. What was the result, if any? **no response**

   3. What steps, if any, did you take to appeal that decision? Describe all efforts to appeal to the highest level of the grievance process. **They were giving me no grievances I called 311 and made a complaint and they gave me a complaint number**

F. If you did not file a grievance:

   1. If there are any reasons why you did not file a grievance, state them here: ___

   2. If you did not file a grievance but informed any officials of your claim, state who you informed,

Rev. 05/2010                                   4

when and how, and their response, if any: I asked for a grievence when the brought me back to AMKC and Captain Sheild 29# told me no.

G. Please set forth any additional information that is relevant to the exhaustion of your administrative remedies. They kept bringing back to different buildings and kept my ID card and I did not get my property when I was kicked out of AMKC. They had me in cells for hours cuffed with essive force and I still have marks to prove it.

Note: You may attach as exhibits to this complaint any documents related to the exhaustion of your administrative remedies.

V. Relief:

State what you want the Court to do for you (including the amount of monetary compensation, if any, that you are seeking and the basis for such amount). I would like officer Melvina Blake arrested for the damage the officers has done in revenge of her pressing charges on me.

VI. Previous lawsuits:

On these claims

A. Have you filed other lawsuits in state or federal court dealing with the same facts involved in this action?
Yes ✓   No ___

B. If your answer to A is YES, describe each lawsuit by answering questions 1 through 7 below. (If there is more than one lawsuit, describe the additional lawsuits on another sheet of paper, using the same format.)

1. Parties to the previous lawsuit:

Plaintiff _My legal Aid lawer Sent Someone to me._

Defendants _DOC._

2. Court (if federal court, name the district; if state court, name the county) _Not sure_

3. Docket or Index number _Not Sure_

4. Name of Judge assigned to your case _Not Sure_

5. Approximate date of filing lawsuit _4/26_

6. Is the case still pending? Yes ✓ No ___

   If NO, give the approximate date of disposition _____

7. What was the result of the case? (For example: Was the case dismissed? Was there judgment in your favor? Was the case appealed?) _I'm still awaiting results._

[On other claims]

C. Have you filed other lawsuits in state or federal court otherwise relating to your imprisonment?

   Yes ___ No ✓

D. If your answer to C is YES, describe each lawsuit by answering questions 1 through 7 below. (If there is more than one lawsuit, describe the additional lawsuits on another piece of paper, using the same format.)

1. Parties to the previous lawsuit:

Plaintiff _____

Defendants _____

2. Court (if federal court, name the district; if state court, name the county) _____

3. Docket or Index number _____

4. Name of Judge assigned to your case _____

5. Approximate date of filing lawsuit _____

6. Is the case still pending? Yes ___ No ___

   If NO, give the approximate date of disposition _____

7. What was the result of the case? (For example: Was the case dismissed? Was there judgment in your favor? Was the case appealed?) _____

I declare under penalty of perjury that the foregoing is true and correct.

Signed this 8 ~~day~~ 11th day of MAY, 2016.

Signature of Plaintiff: [signature]

Inmate Number: 1411603995 35W

Institution Address: OBCC 1600 Hazen St East Elmhurst, NY 11370

Note: All plaintiffs named in the caption of the complaint must date and sign the complaint and provide their inmate numbers and addresses.

I declare under penalty of perjury that on this 8 ~~11th~~ day of MAY, 2016 I am delivering this complaint to prison authorities to be mailed to the Pro Se Office of the United States District Court for the Southern District of New York.

Signature of Plaintiff: [signature]



**THE LEGAL AID SOCIETY**

Prisoners' Rights Project
199 Water Street
New York, NY 10038
T (212) 577-3530
F (212) 509-8433
www.legal-aid.org

Blaine (Fin) V. Fogg
*President*

Seymour W. James, Jr.
*Attorney-in-Chief*

Justine M. Luongo
*Attorney-in-Charge*
Criminal Defense Practice

John Boston
*Project Director*
Prisoners' Rights Project

May 18, 2016

Gregory Kuczinski
Acting Deputy Commissioner
NYC Department of Correction
75-20 Astoria Blvd.
East Elmhurst, New York 11370

Re:  **Tony Burnett**
     **141-16-03995**
     **BKDC**

Dear Acting Deputy Commissioner Kuczinski:

I am writing to request an investigation into an incident involving Tony Burnett. Mr. Burnett alleges that he was assaulted by several correctional officers on April 27 in the Anna M. Kross Center (AMKC), while being escorted from intake to the mental observation, right side, housing area. As a result of this assault, Mr. Burnett suffered a bruised collarbone and ribs, swelling on his forehead, and lacerations on his wrists. Despite requesting medical attention shortly after the assault, Mr. Burnett was not examined by medical staff until the following morning.

Mr. Burnett was arrested on April 22, and is charged with a violation of Penal Law § 160.15, robbery in the first degree. The complainant in the case, Melvina Blake, is currently employed as a correctional officer by the Department of Correction. Upon arriving at Rikers Island, Mr. Burnett was negligently housed in AMKC, the same facility that Officer Blake works in.

On the morning of April 27, Mr. Burnett was being escorted back to his housing area when several correctional officers, including Officer Blake, stopped him in the hall. One of the officers asked Mr. Burnett if he knew Melvina Blake. When Mr. Burnett told the officer he did not, the officer tightened his handcuffs, and repeated the question. Mr. Burnett again explained he did not know who Melvina Blake was and, again, the officer tightened the handcuffs. The officer then asked Mr. Burnett if he knew why he was locked up. This question prompted Mr. Burnett's memory, who then recognized Officer Blake. Before Mr. Burnett had an opportunity to speak to Officer Blake, several of the officers surrounding him began to punch him, and shoved him against a wall. One of the officers painfully pushed Mr. Burnett's handcuffed hands high up against his back, while another officer struck Mr. Burnett in the ribs with an unknown object.

The assault lasted for several minutes, until the officers finally brought Mr. Burnett back to intake, where they encountered an Officer Barnes (#6191). Officer Barnes told the other officers that if they wanted to fight Mr. Burnett they ought to do it one-on-one. The officers were not interested in this proposition, and vacated the intake area. The handcuffs on Mr. Burnett's wrists had been tightened so much that they cut his wrists during the assault, and left them bleeding. Mr. Burnett asked a correctional officer to take him to the clinic for treatment, but was told he could no longer remain in AMKC, and that transferring him to another facility was the priority. Mr. Burnett waited in intake at AMKC for three to four hours, before finally being transferred to the George R. Vierno Center (GRVC). He was rehoused in the 17A housing area in GRVC with his wrists still bleeding, having not been provided medical attention.

The following morning, correctional officers took Mr. Burnett to the clinic in GRVC. He gave a statement about the incident to an Officer Fernandez, who wrote it up. Medical staff provided Mr. Burnett with Tylenol and checked his vital signs, before sending him back to his housing area with correctional officers.

Additionally, Mr. Burnett alleges that during the assault various property vouchers and medical documents fell out of his pockets. He has since been unable to recover these documents.

I would appreciate your confirming that the Department will take steps to properly investigate Mr. Burnett's allegations. Please keep me informed of the results of the investigation. Thank you for your attention in this matter.

Sincerely,


Jacob Goldstein
Legal Intern
The Legal Aid Society
Prisoners' Rights Project
199 Water Street
New York, New York 10038
P: 212-577-3530
F: 646-616-4941


cc:     Heidi Grossman
        Joel Duverge
        Maria Mostajo



**THE LEGAL AID SOCIETY**

Prisoners' Rights Project
199 Water Street
New York, NY 10038
T (212) 577-3530
F (212) 509-8433
www.legal-aid.org

Blaine (Fin) V. Fogg
*President*

Seymour W. James, Jr.
*Attorney-in-Chief*

Justine M. Luongo
*Attorney-in-Charge*
Criminal Defense Practice

John Boston
*Project Director*
Prisoners' Rights Project

May 20, 2016

Mr. Tony Burnett
Otis Bantum Correctional Center
16-00 Hazen Street
East Elmhurst, New York 11370

Dear Mr. Burnett,

I hope this letter finds you well. I am sorry to not have been able to write to you sooner. Thank you for meeting with me Friday, April 29, to discuss the incident you were involved in at AMKC on April 27. I was sorry to learn that you had been assaulted. I hope you have fully recovered and have not had contact with Officer Blake or any of the other officers involved since.

First, I want to apologize because I have not been able to have your Notice of Claim notarized. To have a document notarized the person who filled it out (in this case you) has to be present. I did not realize this, and mistakenly told you I would be able to do this for you. I have included here your original Notice of Claim and an extra copy for your records. To submit it, you will need to go to the law library and have to original document notarized. Then, make some copies of the notarized document, and mail out the original and one extra copy. I have included an addressed envelope, with a certified mail sticker for your convenience. You have 90 days from the date of the incident (April 27) to file the Notice of Claim form. This means you have approximately 2 months left to do so. However, you should do so as soon as you are able to. I have also included another copy of the sheet I gave you at our meeting, which has more details for filing a Notice of Claim.

I am enclosing a copy of a letter I wrote to the Department of Correction on your behalf requesting a formal investigation. The DOC has confirmed they received my letter. I have also requested your medical records. I am hoping to get documentation of all the treatment you have received on Rikers Island. These records may be helpful to you as you pursue your claim. Unfortunately, requesting medical records can be a slow process, and generally takes a few weeks. If you would like a copy of these records, please contact our office to ask if we have received them. We would be happy to send you a copy as well.

As you submit your notice of claim and wait for your claim number you can attempt to find a lawyer to take your case. You can write or call the New York City Bar Association's Legal Referral Service for help finding a lawyer. They are located at 36 West 44th Street,

New York, New York 10036. Their phone number is (212) 626-7373. If you are unable to find a lawyer after contacting the referral service, please let me know and I may be able to provide you with additional resources for obtaining legal representation. You can also pursue your case alone, without an attorney (pro se). Check CPLR 304-306 and 311 for the rules about starting this kind of lawsuit. You should have access to these and other materials in the law library.

I hope this information is useful. I am sorry we cannot be of more help to you in this matter. Please do not hesitate to contact me if you have any questions. You can reach me at the address and phone number listed below.

Sincerely,

*[signature]*

Jacob Goldstein
Legal Intern
The Legal Aid Society
Prisoners' Rights Project
199 Water Street, 3rd Floor
New York, New York 10038
P: 212-577-3530
F: 646-616-4941

Tony Burnett
Otis Bantum Correctional Center 3SW
16-00 Hazen St
East Elmhurst New York 11370

Pro Se
06-15-16

United States District Court
Southern District of New York
U.S. Court House
500 Pearl Street
New York, New York 10007-1312

USM P3 SDNY

7003 0500 0003 0532 9043

CERTIFIED MAIL

7003 0500 0003 0532 9043

2016 JUN 16
SDNY